UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-10003-CR-MARTINEZ

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

**v.**

**BELKIS MENDEZ,**

  **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On or about November 12, 2010, court-appointed defense counsel Paul J. Donnelly ("Counsel") submitted a voucher application numbered FLS 10 4870 with appended time sheets requesting $19,288.08 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). In support of the voucher application, Counsel submitted detailed time sheets and a brief letter dated November 17, 2010 explaining the time spent in this matter ("November 17, 2010 letter"). Counsel represented Defendant Belkis Mendez ("Defendant") for approximately seven (7) months from his appointment on March 5, 2010 until November 10, 2010.

The $19,288.08 Counsel seeks as compensation exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 219]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration
## of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *United States v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "extended" or "complex" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total

processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Did Not Involve Complex or Extended Representation

Again, Counsel's request for compensation in the amount of $19,288.08 exceeds the $9,700.00 statutory maximum.[1] Under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, the Court must first find that the representation was either complex or extended.

Based upon my review of the docket and the pleadings in this matter, it does not appear that this was a complex case. The legal and factual issues in this case were not unusual. Defendant was indicted **[See DE # 3]** on ten counts of conspiracy to and filing false tax returns in violation of 18 U.S.C. § 286 and § 287. Defendant initially elected to plead not guilty but later entered a guilty plea.

Counsel made only four court appearances in this case - at an initial appearance (3/5/10), at an arraignment proceeding (3/10/10), at a change of plea hearing (9/13/10) and at a sentencing proceeding (11/10/10). Further, Counsel only filed a few pleadings in this

---

[1] Counsel only incurred 3.0 in-court hours in this case (at a rate of $125.00/hour) totaling $375.00. Counsel seeks $17,625.00 for 141.0 out-of-court hours at a rate of $125.00/hour. Counsel also requests $950.51 in Travel Expenses and $337.57 in Other Expenses. The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. The Court defers to the CJA administrator to verify all in-court time and expense allowances.

The CJA administrator made no changes to the total amount claimed by Counsel for in-court hours or for out-of-court hours. The CJA administrator made only a small change to the amount of Travel Expenses sought by Counsel, reducing this amount from $950.51 to $924.40. The CJA administrator reduced this amount due to mathematical errors. I, therefore, approve the CJA administrator's correction as appropriate. With this correction, the new total amount reflected in the voucher is $19,261.97.

case and only two of the pleadings were substantive - Objections to the Presentence Investigation Report (11/1/10) and a Sentencing Memorandum (11/3/10). Notably, Counsel later withdrew the Objections **[See DE # 125]**.

Defendant was indicted on February 25, 2010, but she was not arrested until March 5, 2010. Counsel was appointed in this case that same day. Defendant entered a guilty plea on September 13, 2010, just six months later. Defendant was sentenced on November 10, 2011, only two months after she entered her guilty plea.

Following my initial review of the voucher, the docket and the pleadings in this case, I was concerned that this case did not appear to be either complex or extended. As a result, I scheduled a meeting with Counsel to allow him an opportunity to explain how this matter was sufficiently complex or extended to justify an award for attorney's fees in excess of the statutory maximum.

To that end, I had a meeting with Counsel in chambers on March 2, 2011. To Counsel's credit, he was very cooperative and forthcoming. Counsel admitted that although it might appear that this case was not complex by simply reviewing the pleadings and the docket, he maintained that this case was indeed complex because the government alleged a very convoluted scam. Counsel attempted to explain that in order to effectively defend Defendant, he had to listen to 45 hours of taped jail recordings of conversations between one incarcerated defendant and the other defendants.

Counsel also claimed that this case was document intensive. He explained that he was required to review an extensive number of filings with the Internal Revenue Service along with numerous documents produced during an investigation by the Federal Bureau of Investigation. Counsel also stated that Defendant originally wished to proceed to trial,

therefore, Counsel proceeded as though there would be a jury trial in this case. Although Defendant later changed her mind and entered a guilty plea, Counsel asserted that by that time Counsel had already incurred the majority of his time in this case. Counsel also attempted to explain that this matter should be considered extended.

I thank Counsel for his candor and his willingness to serve as CJA counsel. My review of the voucher and time sheets submitted in this case show that Counsel indeed worked very hard to effectively represent Defendant. I take no issue with any of the entries submitted by Counsel as I believe that each entry validly reflects time and work spent by Counsel in this case. It is my opinion, however, that this case does not appear to be complex and it is not extended.[2] Therefore, a fee award in excess of the statutory maximum (exclusive of expenses) is not warranted here.

As I find it questionable whether this case is complex, I urge Judge Martinez to make a final determination of this issue as he was the trial judge and is closely familiar with the facts involved and Counsel's representation of Defendant in this case. If Judge Martinez indeed finds that this case is complex, I conclude that the entirety of the entries included in voucher are reasonable and appropriate.

---

[2] This case was not extended. There was no trial in this case. Counsel represented Defendant for only seven months. As there was no trial and this case took less than one year, I find that this case did not require more time for processing than the average case. As I result, I conclude that this case cannot properly be considered extended.

## CONCLUSION

I commend Mr. Donnelly for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. As I have often quoted, when deemed appropriate and in the spirit of the CJA: the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). Although Counsel genuinely and legitimately billed for each time entry listed in the voucher, CJA representations are still of a "pro bono nature." Accordingly, to the extent that Judge Martinez agrees that this matter did not involve complex representation, I hereby **RECOMMEND** that Counsel be paid a total of $10,961.97 ($9,700.00 for both in-court and out-of-court hours, $924.40 in Travel Expenses and $337.57 in Other Expenses) as fair and final compensation for his work on this case.[3]

---

[3]

If Judge Martinez determines that this case is indeed complex, I would recommend that Counsel be paid for all of the time included in the voucher and the expenses recorded therein (with the one correction by the CJA administrator). Under these circumstances, I would recommend that counsel be paid a total of $19,261.97 ($375.00 for in-court hours, $17,625.00 for out-of-court hours, $924.40 in Travel Expenses and $337.57 in Other Expenses).

In accordance with 28 U.S.C. §636(b)(1), the parties shall have ten (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this 9th day of March, 2011.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

United States District Court Judge Jose E. Martinez
Paul Donnelly, Esq.
Lucy Lara, CJA administrator